IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 11 |
| | ) | | |
| | ) | Case No. | 11 B 3368 |
| American Diagnostic Medicine, Inc., | ) | | |
| | ) | Judge: | Hon. Carol A. Doyle |
| | ) | | |
| Debtor. | ) | Hearing Date: | 2/3/11 @ 10:00 a.m. |

To:   See Attached List

## NOTICE OF MOTION

   PLEASE TAKE NOTICE that on **February 3, 2011** at the hour of **10:00 a.m.** or as soon thereafter as Counsel may be heard, I shall appear before the **Honorable Judge Carol A. Doyle**, or any Judge sitting instead, in Courtroom 742 of the Dirksen Federal Building, 219 South Dearborn St., Chicago, Illinois, 60604, and present the attached **Emergency Motion for Interim and Final Orders (A) Authorizing Debtor to Use Cash Collateral and Other Collateral and Granting Adequate Protection Pursuant to Sections 361, 362 and 363 of the Bankruptcy Code, and (B) to Schedule a Final Hearing,** a copy of which is hereby served upon you. You may appear if you so choose.

Michael J. Davis
Joshua D. Greene
**SPRINGER BROWN COVEY GAERTNER & DAVIS, LLC**
Wheaton Executive Center
400 S. County Farm Road, Suite 330
Wheaton, IL 60187
(630) 510-0000

## CERTIFICATE OF SERVICE

   I, Joshua D. Greene, an attorney, certify that I caused a copy of the foregoing **Emergency Motion for Interim and Final Orders (A) Authorizing Debtor to Use Cash Collateral and Other Collateral and Granting Adequate Protection Pursuant to Sections 361, 362 and 363 of the Bankruptcy Code, and (B) to Schedule a Final Hearing** to be served on the parties listed on the attached service list by either Federal Express prepaid or by email via CM/ECF where indicated prior to 5:00 P.M. on January 28, 2011.

/s/ Joshua D. Greene /s/

## SERVICE LIST

Patrick S Layng
Office of the U.S. Trustee
219 S Dearborn St, Rm 873
Chicago, IL 60604
*(Via Electronic Service)*
USTPRegion11.ES.ECF@usdoj.gov

John Mahoney
Lawrence, Kamin, Saunders
& Uhlenho
300 S. Wacker Dr., St. 500
Chicago, IL 60606
(Attorney for Cole Taylor Bank)

Scott Zuber
Day Pitney
One Jefferson Rd.
Parsippany, NJ 07054
(Attorney for Cardinal Health)

American Diagnostic
Medicine, Inc.
167 Oswalt Ave
Batavia, IL 60510

ADM Imaging
512 Kingsland Drive
Batavia, IL 60510

AEL Financial
600 N. Buffalo grove Rd.
Buffalo Grove, IL 60089

ANAMED Engineering
Services
575 Stumpy Lane
Lebanon, TN 37090-5340

BC Technical, Inc.
7172 South Airport Road
West Jordan, UT 84084

Butler Pappas Weihmuller
Katz Craig, LLP
115 S. LaSalle St., St. 3200
Chicago, IL 60603

Cardinal Health
7000 Cardinal Pl.
Dublin, OH 43017

CCA Financial
7275 Glen Forest Dr.
St. 100
Richmond, VA 23226

Clausen Miller P.C.
10 South LaSalle Street
Chicago, IL 60603-1098

Cole Taylor Bank
9550 W. Higgins Rd.
Des Plaines, IL 60018

Cray, Kaiser Ltd.
1901 South Meyers Road
Oakbrook Terrace, IL 60181

Daimler Chrysler Financial
Services
PO 2993
Milwaukee, WI 53201

Fisher & Phillips, LLP
2050 Main Street
Irvine, CA 92614

Flora Yu
50 California St. Fl 35
San Francisco, CA 94111

GE Medical Systems
P.O. Box 96483
Chicago, IL 60693-0000

General Electric Capital
901 Main Ave
Norwalk, CT 06851-1168

Jon Valenton
50 California St. Fl 35
San Francisco, CA 94111

Jonathan Singleton
50 California St. Fl 35
San Francisco, CA 94111

JONES VARGAS
100 West Liberty Street
Reno, NV 89504

Leasing Innovations Inc.
437 S. Highway St.
St. 104
Solana Beach, CA 92075

Marlin Leasing
300 Fellowship Rd
Mount Laurel, NJ 08054

Maxus Financial
PO 252
Richwood, NJ 08074

Medx Services Ltd.
Dept 20-7004
Carol Stream, IL 60197-7004

Michelle Draper
50 California St. Floor 35
San Francisco, CA 94111

National City Capital
995 Dalton Ave.
Cincinnati, OH 45203

Quinn Ranson
50 California St. Fl. 35
San Francisco, CA 94111

Radiological Physics Service
3839 Napier Road
Plymouth, MI 48170-5124

ReMedPar
101 Old Stone Bridge
Goodlettsville, TN 37072

Robert Erskine
50 California St. Floor 35
San Francisco, CA 94111

Siemens Financial
170 Wood Ave. S.
Iselin, NJ 08830

TGM2
15375 Roosevelt Blvd
Clearwater, FL 33760

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 11 |
| | ) | | |
| | ) | Case No. | 11 B 3368 |
| American Diagnostic Medicine, Inc., | ) | | |
| | ) | Judge: | Hon. Carol A. Doyle |
| | ) | | |
| Debtor. | ) | Hearing Date: | 2/3/11 @ 10:00 a.m. |

## DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND OTHER COLLATERAL AND GRANTING ADEQUATE PROTECTION PURSUANT TO SECTIONS 361, 362 AND 363 OF THE BANKRUPTCY CODE, AND (B) TO SCHEDULE A FINAL HEARING

NOW COMES the Debtor-In-Possession, American Diagnostic Medicine, Inc. ("Debtor"), by its undersigned counsel, and submits this Emergency Motion for Entry of Interim and Final Orders Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection Pursuant to 11 U.S.C. §§361, 362 and 363, and to Schedule a Final Hearing (the "Motion"). In support of this Motion, the Debtor submits as follows:

### Jurisdiction and Venue

1. On January 28, 2011 (the "Petition Date"), Debtor filed a voluntary petition in this Court for reorganization under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq* (the "Code").

2. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Code.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b).

4. The statutory basis for the relief requested by the Motion are 11 U.S.C. §§361, 362 and 363, Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-2 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules")

### Background of the Debtor

5. Founded in 1984 and based in Batavia, Illinois, Debtor is an Illinois corporation that provides state of the art imaging technologies to hospitals, clinics, cardiologists, internal medicine groups and other health care providers throughout the United States. With 68 employees, Debtor provides comprehensive solutions to its customers in areas such as Nuclear Medicine, PET, CT and MRI. Debtor generates revenues through leasing of imaging equipment to its customers, imaging equipment servicing and other imaging equipment financing arrangements. In 2009, Debtor earned over $14 million in revenues from operations.

### Prepetition Capital Structure

6. Prior to the Petition Date, Debtor borrowed certain sums of money from Cole Taylor Bank (the "Senior Lender"), pursuant to certain promissory notes, letter agreements, loan agreements, security agreements, pledge agreements, collateral assignments, and other agreements, instruments, certificates and documents (collectively the "Senior Lender Loan Documents"), as more particularly set forth on Exhibit 1, attached hereto and incorporated to this Motion. As of the Petition Date, there was and remains due and owing from the Debtor to the Senior Lender under the Senior Lender Loan Documents, the total amount, including principal and interest of $829,485.

7. In addition to amounts owed to the Senior Lender, prior to the Petition Date, Debtor borrowed certain sums of money from Cardinal Health 414, LLC (the "Junior Lender") pursuant to certain promissory notes, letter agreements, loan agreements, security agreements,

pledge agreements, collateral assignments, and other agreements, instruments, certificates and documents (collectively the "Junior Lender Loan Documents") as more particularly set forth on Exhibit 1, attached hereto and incorporated to this Motion. As of the Petition Date, there was and remains due and owing from the Debtor to the Junior Lender under the Junior Lender Loan Documents, the total amount, including principal and interest of $3,362,393.

8. As of the Petition Date, both Senior Lender and Junior Lender have perfected liens, on and security interests in, substantially all of the Debtor's pre-petition assets, including but not limited to, cash on hand, inventory, accounts receivable, and general intangibles, together with the proceeds thereof.

### Relief Requested

9. By this Motion, the Debtor requests (A) entry of interim and final orders authorizing the Debtor to use Senior Lender and Junior Lender's cash collateral pursuant to Sections 361, 362 and 363 of the Code and any other collateral in which Senior Lender and Junior Lender have an interest in (the "Prepetition Collateral"), and provide adequate protection of Senior Lender and Junior Lender's interests in the Prepetition Collateral resulting from its use; and (B) pursuant to Bankruptcy Rule 4001, schedule, within 30 days of the entry of the Interim Cash Collateral Order, a hearing (the "Final Hearing") for this Court to consider entry of a final order authorizing the use of Cash Collateral, as set forth in this Motion. The proposed interim cash collateral order to be entered ("Interim Cash Collateral Order") is attached hereto.

10. Without the use of the Cash Collateral, the Debtor does not have sufficient available working capital to finance its ongoing postpetition business operations. Debtor believes that use of its Cash Collateral will allow it to operate as a going concern, and thus maximize the value of the estate for all creditors. In the absence of immediate authorization of the use of the Cash Collateral, the Debtor could not continue to operate its business, and will incur immediate

and irreparable harm to its estate. The use of such Prepetition Collateral is fair and reasonable and reflects the Debtor's exercise of prudent business judgment consistent with its fiduciary duties. Further, the Debtor believes that the proposed adequate protection for Senior Lender and Junior Lender, including the use of Cash Collateral to pay postpetition operating expenses and postpetition liens, will preserve the value of the Debtor's estate for the benefit of both Senior Lender and Junior Lender.

11.  Local Rule 4001-2, which governs cash collateral motions filed within this Judicial District, requires the Debtor to highlight certain provisions contained in the Interim Cash Collateral Order, identify the location of any such provision in such order, and state the justification for the inclusion of such provision. The Debtor believes that Local Rule 4001-2 is minimally implicated by the provisions of the Interim Cash Collateral Order, but to the extent that Local Rule 4001-2 is implicated, that such provisions are justified and necessary in the context and circumstances of this case.

12.  Local Rule 4001-2(A)(2)(b) provides for additional disclosure with respect to findings of fact that bind the estate or all parties in interest with respect to the validity, perfection or amount of the secured creditor's lien without giving parties in interest at least 75 days from the entry of the order and the creditors' committee, if formed, at least 60 days from the date of its formation to investigate such matters. In Sections C and D of the Interim Cash Collateral Order, Debtor acknowledges the validity and amount of Senior Lender and Junior Lender's lien. However, Debtor believes that these sections are appropriate because it may be necessary to obtain the Senior Lender and Junior Lender's consent to the use of cash collateral.

13.  Local Rule 4001-2(A)(3) requires that all cash collateral motions provide a summary of all provisions that must be highlighted under Local Rule 4001-2(A)(2) and a summary of the essential terms of the proposed usage of cash collateral. Debtor asserts that it has

complied with this requirement by attaching the Interim Cash Collateral Order, which contains all of the terms of the Debtor's use of Cash Collateral, including those specifically referenced in Local Rule 4001-2(A)(3).

14. Lastly, Local Rule 4001-2(A)(4) provides that all cash collateral motions must provide a budget covering the time period in which the order shall remain in effect. In satisfaction of such requirement, attached to the Motion as Exhibit 3 is a copy of the budget (the "Budget"). The Debtor shall file updated versions of the Budget with the Court as such updates become available.

### The Court Should Authorize the Use of the Prepetition Collateral

15. The revenues generated by the Debtor's operations constitute Cash Collateral. The Debtor has a critical need for the immediate use of Senior Lender and Junior Lender's Cash Collateral. The Debtor requires use of the Cash Collateral to operate its business and to pay vendors, employees, taxes, utilities and other operating costs. If the Debtor is unable to use the Cash Collateral, its business will quickly deteriorate, thereby reducing the value of the estate and jeopardizing creditors' recoveries.

### The Court Should Allow the Debtor to Provide Adequate Protection

16. Under Section 363(c)(2) of the Code, the Debtor may not use the Cash Collateral without the consent of the Senior Lender and Junior Lender or authority granted by the court. 11 U.S.C. §363(c)(2). Section 363(e) of the Bankruptcy Code provides that on request of an entity that has an interest in property to be used by a debtor, the court shall prohibit or condition such use as is necessary to provide adequate protection of such interest. 11 U.S.C. §363(e).

17. As adequate protection for Senior Lender and Junior Lender's interest in the Cash Collateral, the Debtor proposes to use the Cash Collateral solely for the purposes outlined in the Interim Cash Collateral Order. The Debtor further proposes to: (1) make adequate protection

payments to Senior Lender and Junior Lender in the amounts set forth in the Budget under the heading "Adequate Protection Payments"; (2) for any diminution in value of Senior Lender and Junior Lender's interests in the Cash Collateral from and after the Petition date, grant Senior Lender and Junior Lender replacement liens on all of the Debtor's assets; and (3) for any diminution in value of Senior Lender and Junior Lender's interests in the Cash Collateral from and after the Petition date, grant Senior Lender and Junior Lender an administrative expense claim pursuant to Section 507(b) of the Code.

18. The Debtor requests that the Court find that the foregoing adequate protection to be granted to Senior Lender and Junior Lender is reasonable and sufficient to protect their interests, without prejudice to the rights of Senior Lender and Junior Lender to request additional adequate protection in the future.

### Notice With Respect to Final Cash Collateral Order

19. The Debtor further requests that the Court schedule a Final Hearing on the use of Cash Collateral and authorize it to serve a copy of the signed Interim cash Collateral Order, which fixes the time and date for the Final Hearing and the date for filing objections, by first class mail upon (a) the United States Trustee; (b) counsel for Senior Lender and Junior Lender; (c) all secured creditors; (d) any other known lienholders; and (e) the Debtor's twenty largest unsecured creditors pursuant to Bankruptcy Rule 2002 prior to the date of service of the Interim Cash Collateral Order.

WHEREFORE, the Debtor prays for entry of the Proposed Cash Collateral Order and granting such other and further relief as the court deems equitable and just.

Respectfully Submitted,
American Diagnostic Medicine, Inc.

By:/s/ Joshua D. Greene
   One of its attorneys

Michael J. Davis
Joshua D. Greene
**Springer, Brown, Covey, Gaertner & Davis, LLC**
Wheaton Executive Center
400 S. County Farm Road, Suite 330
Wheaton, IL  60187
(630) 510-0000