## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| American Diagnostic Medicine, Inc. | ) Case No. 11-03368 |
|  | ) |
| Debtor. | ) Judge Carol A. Doyle |
|  | ) |
|  | ) Hearing: September 25, 2012 at 10:00 a.m. |
|  | ) Objection Deadline: September 20, 2012 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on September 25, 2012, at 10:00 a.m., the undersigned shall appear before the Honorable Carol A. Doyle, United States Bankruptcy Judge, in the courtroom usually occupied by her, United States Courthouse, 219 South Dearborn Street, courtroom 742, Chicago, Illinois, and then and there present **Second Interim and Final Fee Application of Willow Tree Consulting Group as Financial Advisors to the Official Committee of Unsecured Creditors** a copy of which is attached hereto and herewith upon you.

Dated: August 31, 2012

**GOLDSTEIN & MCCLINTOCK LLLP**

By: /s/ Matthew E. McClintock
      One of its Attorneys

Harley J. Goldstein, Esq.
Matthew E. McClintock, Esq.
David A. Hall, Esq.
208 South LaSalle Street, Suite 1750
Chicago, Illinois  60604
Telephone: (312) 337-7700
Facsimile: (312) 277-2305

*Counsel for the Official Committee of*
*Unsecured Creditors*

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew E. McClintock, an attorney, do hereby certify that on August 31, 2012, I caused true and correct copies of the **Notice of Motion** and **Second Interim and Final Fee Application of Willow Tree Consulting Group as Financial Advisors to the Official Committee of Unsecured Creditors** to be served upon the parties listed below via CM/ECF, the Court's electronic filing system and First Class U.S. Mail, where noted.

Dated: August 31, 2012                                   /s/ Matthew E. McClintock

**Parties Served Via CM/ECF**

Brad Berish on behalf of Creditor PNC Equipment Finance, LLC, as successor to PNCEF, LLC, f/k/a
National City Commercial Capital Company, LLC
bberish@ag-ltd.com

Abraham Brustein on behalf of Creditor CCA Financial, LLC
abrustein@dimonteandlizak.com   phogan@dimontelaw.com

Erich S Buck on behalf of Creditor PNC Equipment Finance, LLC, as successor to PNCEF, LLC, f/k/a
National City Commercial Capital Company, LLC
ebuck@ag-ltd.com

Barry A Chatz on behalf of Debtor American Diagnostic Medicine Inc.
bachatz@arnstein.com

Monette W Cope on behalf of Creditor Marlin Business Bank
ecfnil@weltman.com

Michael J. Davis on behalf of Debtor American Diagnostic Medicine Inc.
mdavis@springerbrown.com   davislaw80@gmail.com

Joseph D Frank on behalf of Creditor Cardinal Health 414, LLC
jfrank@fgllp.com   ccarpenter@fgllp.com   knewman@menterlaw.com   jkleinman@fgllp.com

Arlene N Gelman on behalf of Creditor General Electric Capital Corporation
agelman@vedderprice.com

Chad H. Gettleman on behalf of Creditor PNC Equipment Finance, LLC, as successor to PNCEF, LLC,
f/k/a National City Commercial Capital Company, LLC
cgettleman@ag-ltd.com

Joshua D Greene on behalf of Debtor American Diagnostic Medicine Inc.
jgreene@springerbrown.com, sellis@springerbrown.com

Jeffrey M Heller on behalf of Attorney K&L Gates LLP
jeffrey.heller@klgates.com   teresa.gomez@klgates.com

Jacqueline M Helmrick on behalf of Creditor Cole Taylor Bank
jhelmrick@agdglaw.com   wserritella@agdglaw.com

Stephanie K. Hor-Chen on behalf of Creditor General Electric Capital Corporation
shor@vedderprice.com   ecfdocket@vedderprice.com

Steve Jakubowski on behalf of Respondent Sam and Anand Kancherlapalli
sjakubowski@lplegal.com   nbailey@lplegal.com

Vivek Jayaram on behalf of Creditor Quinn Ranson
vivek@jayaramlaw.com

Jeremy C Kleinman on behalf of Creditor Cardinal Health 414, LLC
jkleinman@fgllp.com   ccarpenter@fgllp.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Ethan Lipkind on behalf of Creditor Deckerville Community Hospital
elipkind@preservemihealth.org

Monika J. Machen on behalf of Creditor Borgess Lee Memorial Hospital
mmachen@polsinelli.com

Kevin H Morse on behalf of Debtor American Diagnostic Medicine Inc.
khmorse@arnstein.com

Kenneth D Peters on behalf of Creditor Texas Leasing Company, LLC
kpeters@dresslerpeters.com   rmccandless@dresslerpeters.com

Tucker L Poling on behalf of Creditor Hospital District No. 1 of Crawford County Kansas
tpoling@holbrookosborn.com

Mark L Radtke on behalf of Interested Party North Shore Hematology Oncology Associates, P.C.
mradtke@shawgussis.com   bharrington@shawgussis.com

Donna Rizzuto on behalf of Creditor Key Equipment Finance, Inc.
drizzuto@howardandhoward.com   kperez@howardandhoward.com

Derek D Samz on behalf of Creditor CCA Financial, LLC
dereksamz@gmail.com   nromando@dimontelaw.com

Miriam R. Stein on behalf of Debtor American Diagnostic Medicine Inc.
mrstein@arnstein.com   jbmedziak@arnstein.com

Lauren L Tobiason on behalf of Creditor Committee Official Committee Of Unsecured Creditors
laurent@restructuringshop.com   clane@willowtreecg.com

L. Judson Todhunter on behalf of Creditor Key Equipment Finance, Inc.
JTodhunter@howardandhoward.com

Steven B Towbin on behalf of Interested Party North Shore Hematology Oncology Associates, P.C.
stowbin@shawgussis.com

David A Wargula on behalf of Creditor Texas Leasing Company, LLC
dwargula@dresslerpeters.com   rmccandless@dresslerpeters.com

Scott A Zuber on behalf of Creditor Cardinal Health 414, LLC
scott.zuber@wilsonelser.com

**Parties Served Via First Class U.S. Mail**

ANAMED Engineering Services
575 Stumpy Lane
Lebanon, TN 37090-5340

BC Technical, Inc.
7172 South Airport Road
West Jordan, UT 84084

Butler Pappas Weihmuller
Katz Craig, LLP
115 S. LaSalle St., St 3200
Chicago, IL 60603

Cardinal Health
Nuclear Pharmacy Services
7000 Cardinal Place
Dublin, OH 43017

Clausen Miller P.C.
10 South LaSalle Street
Chicago, IL 60603-1098

Cray, Kaiser Ltd.
1901 South Meyers Road
Oakbrook Terrace, IL 60181

Fisher & Phillips, LLP
2050 Main Street
Irvine, CA 92614

Flora Yu
6120 Hillbrook Place
Dublin, CA 94568

GE Medical Systems
P.O. Box 96483
Chicago, IL 60693

Jon Valenton
50 California St. Fl 35
San Francisco, CA 94111

Jonathan Singleton
PO Box 13
Angels Camp, CA 95222

Jones Vargas
Attn: John Desmond
100 West Liberty St., 12th FL
Po Box 281
Reno, NV 89504

Leasing Innovations Inc.
261 North Highway 101
Solana Beach, CA 92075

Medx Services Ltd.
Dept 20-7004
Carol Stream, IL 60197-7004

Michelle Draper
50 California St. Floor 35
San Francisco, CA 94111

National City Capital
995 Dalton Ave.
Cincinnati, OH 45203

Praxair, Inc.
39 Old Ridgebury Rd.
Danbury, CT 06810

Quinn Ranson
50 California St. Fl. 35
San Francisco, CA 94111

Radiological Physics Service
3839 Napier Road
Plymouth, MI 48170-5124

TMG2
11620 54th Street North
Clearwater, FL 33760

Robert Erskine
50 California Street
Floor 35
San Francisco, CA 94111

RemedPar
101 Old Stone Bridge
Goodlettsville, TN 37072

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| American Diagnostic Medicine, Inc. | ) | Case No. 11-03368 (CAD) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) | **Hearing:  September 25, 2012 at 10:00 a.m..** |
|  | ) | **Objection Deadline:  September 20, 2012** |

**SECOND INTERIM & FINAL FEE APPLICATION OF WILLOW TREE
CONSULTING GROUP AS FINANCIAL ADVISORS TO THE
<u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

Willow Tree Consulting Group ("*Willow Tree*"), financial advisors to the Official
Committee of Unsecured Creditors (the "*Committee*") retained in the above-captioned
bankruptcy case, hereby submits the *Second Interim & Final Fee Application of Willow Tree
Consulting Group as Financial Advisors to the Official Committee of Unsecured Creditors* (the
"*Application*"), and requests entry of an order: (i) allowing as second interim compensation the
amount of $8,060.00 for services rendered during the period March 1, 2012 through and
including July 26, 2012 (the "*Interim Application Period*") and reimbursement to Willow Tree of
$0.00 in actual expenses incurred during the Interim Application Period; (ii) authorizing the
Debtor to pay the allowed fees and expenses incurred during the Interim Application Period; and
(iii) allowing as final compensation to Willow Tree in the aggregate amount of $49,882.21 for
services and expenses incurred during the period from December 21, 2011 through July 26, 2012
(the "*Final Application Period*"), and in support thereof, states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. section 1334. This is a core proceeding pursuant to 28 U.S.C. section 157.  Venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 330, 331, 503(b) and 507(a)(1) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the *Local Rules of the United States Bankruptcy Court for the Northern District of Illinois* (the "*Local Rules*").

## BACKGROUND

3.      On January 28, 2011 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "*Bankruptcy Code*").

4.      Founded in 1984 and based in Batavia, Illinois, the Debtor is an Illinois corporation that provides state of the art imaging technologies to hospitals, clinics, cardiologists, internal medicine groups and other health care providers through the United States.  The Debtor generates revenues through leasing of imaging equipment to its customers, imaging equipment services and other imaging equipment financing arrangements.

5.      Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its financial affairs as a debtor in possession.

6.      On March 26, 2007, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  On December 20, 2011, the Court entered an order authorizing the retention of Willow Tree as financial advisors to the Committee.

2

7.      On July 26, 2012, the Court entered an Order (the "*Confirmation Order*") confirming the Second Amended Joint Plan of Reorganization of American Diagnostic, Inc. (the "*Plan*").

8.      Through the course of the case, the Court awarded the following fees and expenses to Willow Tree on an interim basis:

| Application Period | Total Compensation and Reimbursement of Expenses Allowed |
|---|---|
| First Interim Application (12/21/11-2/29/12) | $41,822.21 |
| **TOTAL** | $41,822.21 |

9.      The above fees and expenses were awarded through the end of April, 2012.  Thus, Willow Tree has not yet received interim approval of fees and expenses incurred during the period March 1, 2012 through July 26, 2012 (defined above as the "*Interim Application Period*").  Accordingly, Willow Tree is hereby seeking interim approval of such fees and expenses ($8,060.00 in fees and $0.00 in expenses).  For the Court's convenience, itemized monthly statements, which set forth in detail the services rendered by Willow Tree professionals during the Interim Application Period, are attached hereto as Exhibits A through E.

10.      In addition, given that the Debtor's Plan has now been confirmed, Willow Tree is also seeking final approval of all fees and expenses incurred during the Final Application Period (*i.e.* the period from the effective date of Willow Tree's retention through Plan confirmation, or from December 21, 2011 through July 26, 2012).

## DISCUSSION

**APPLICABLE STANDARD**

11.     Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

[T]he court may award ... reasonable compensation for actual, necessary services rendered by the ... attorney and by any paraprofessional person ... and ... reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including- (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

12.     The Seventh Circuit Court of Appeals has stated that:

The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986).  Additionally, other courts of appeal

have recognized that:

[I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.
*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

13.     In evaluating the Application, this Court should consider the issues presented, the

skill required to perform the financial services properly, the preclusion of other employment

caused by Willow Tree's retention in this case, the customary fees charged in similar cases, the

existence of time limits under which the services were rendered, the results obtained, the experience and ability of the consultants involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531,534 (Bankr. N.D. Ill. 1990).

### SERVICES PERFORMED DURING INTERIM APPLICATION PERIOD

14.     Monthly statements detailing the services rendered and actual and necessary expenses incurred by Willow Tree during the Interim Application Period are attached hereto and incorporated herein as follows:

- Exhibit A: *March 1, 2012 – March 31, 2012 Schedules of Services Rendered and Expenses Incurred* (the "*March Statement*").

- Exhibit B: *April 1, 2012 – April 30, 2012 Schedules of Services Rendered and Expenses Incurred* (the "*April Statement*").

- Exhibit C: *May 1, 2012 – May 31, 2012 Schedules of Services Rendered and Expenses Incurred* (the "*May Statement*").

- Exhibit D: *June 1, 2012 – June 30, 2012 Schedules of Services Rendered and Expenses Incurred* (the "*June Statement*").

- Exhibit E: *July 1, 2012 – July 31, 2012 Schedules of Services Rendered and Expenses Incurred* (the "*July Statement*").

15.     The above-referenced monthly statements shall be collectively referred to herein as the "*Monthly Statements*."

16.     Willow Tree's hourly rate for the work performed by its professional, Carl Lane, during the Application Period is $325.  This rate is comparable to rates charged by other professionals having the same amount of experience, expertise, and standing for similar services in this jurisdiction.  Willow Tree consistently and consciously made every reasonable effort to

5

provide services to the Committee in the most economical, efficient, and practical manner possible.

17.     No agreement or understanding exists between Willow Tree and any other person for the sharing of compensation received or to be received in connection with this chapter 11 case, other than as disclosed or authorized pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

18.     Willow Tree reserves the right to correct, amend, or supplement this Application.

19.     Willow Tree spent 24.8 hours at a cost of $8,060.00 on services performed for the benefit of the estate during the Interim Application Period.  These services included assisting the Committee and counsel to the Committee in reviewing and evaluating the Debtor's business plan and associated financial projections, reviewing and evaluating the Debtor's liquidation analysis, analyzing preference and other avoidance actions, and preparing Willow Tree's fee appliications. No expenses were incurred by Willow Tree during the Interim Application Period.

## **BENEFIT TO THE ESTATE**

24.     Willow Tree's efforts have benefited unsecured creditors.   Willow Tree professionals quickly immersed themselves in the business and financials of the Debtor in order to rapidly understand what the business is capable of and to give all of the Debtor's creditors renewed confidence in the numbers they are dealing with.  At the outset of Willow Tree's engagement, the Committee was presented with what was in essence a "wind-down" budget that showed the Debtor generating no new accounts or renewals, and resulting in unsecured creditors being basically "out of the money" (or receiving a nominal recovery).  Willow Tree's efforts have resulted in more realistic financials, and have contributed to a process that resulted in a consensual plan which promises a substantial dividend to unsecured creditors.  That Plan –

which this Court has now confirmed – contemplates the establishment of a liquidating trust, the issuance of three secured notes (one to Cardinal Health and two to the ADM Creditor Trust for the benefit of unsecured creditors), and continued ownership of the company by existing equity. If the Debtor can successfully meet its projections, the Plan could provide unsecured creditors with up to a 75% recovery over time (the same as the Debtor's senior secured creditor is receiving, and far more than the nominal or non-existent return unsecured creditors would likely see in a liquidation).

## **FEES REQUESTED**

25.     As set forth in greater detail above and in the attached Monthly Statements, Willow Tree is requesting that the Court allow it $8,060.00 as compensation pursuant to Section 330 of the Bankruptcy Code for the Interim Application Period.

24.     Additionally, Willow Tree is hereby requesting final approval of all Willow Tree's fees and expenses in the Debtor's chapter 11 case.  The aggregate fees and expenses sought by Willow Tree during the Final Application Period are summarized as follows:

| Application Period | Total Compensation and Reimbursement of Expenses Allowed |
|---|---|
| First Interim Application (12/21/11-2/31/11) | $41,822.21 |
| Second Interim Application (fees requested but not yet approved) (3/1/12-7/26/12) | $8,060.00 |
| **TOTAL** | $49,882.21 |

25.     Based on the hourly charges of Willow Tree set forth above and in the prior fee applications, Willow Tree requests pursuant to Section 330 of the Bankruptcy Code that the Court determine and allow it $49,882.21 as final compensation and reimbursement of expenses for the Final Application Period of December 21, 2011 through July 26, 2012.

## <u>REQUEST TO SHORTEN NOTICE</u>

20.     Notice of this Application will be provided to: (a) the Office of the United States Trustee for the Northern District of Illinois; (b) counsel to the Debtor; (c) Counsel to Cole Taylor Bank and Cardinal Health 414, LLC (the Debtor's senior secured lenders); (d) the Debtor's 20 largest unsecured creditors as set forth in the list filed with its bankruptcy petition; and (e) those parties requesting service of pleadings in this chapter 11 case.   Rule 2002(a)(2) ordinarily requires that a movant provide 21 days' notice to "all creditors" of any proposed use of property of the estate (such as the payment of the proposed herein) unless the Court "for cause shown shortens the time or directs another method of giving notice."  Here, Willow Tree is providing 21 days' notice of the Application, but respectfully submits that providing notice to all creditors would not be cost-effective under the circumstances.  Accordingly, Willow Tree requests that the Court limit notice to the parties set forth above alone.  *See also* Bankruptcy Rule 9006(b).


**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

8

WHEREFORE, Willow Tree respectfully requests that this Court enter an order: (a) allowing Willow Tree compensation and reimbursement of expenses for all amounts requested in this Application (as chapter 11 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code); (b) authorizing the Debtor to pay the amounts requested herein to Willow Tree; and (d) granting such order and further relief as the Court deems just and proper.

Dated: August 31, 2012                    **WILLOW TREE CONSULTING GROUP**

                                          By: ___/s/ Carl Lane_____
                                              Managing Director

                                          233 South Wacker Drive, 84th Floor
                                          Chicago, Illinois  60606
                                          Telephone: (312) 283-8820
                                          Facsimile: (312) 283-8821

                                          *Financial Advisors to the Official*
                                          *Committee of Unsecured Creditors*