**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **American Diagnostic Medicine, Inc.** | Case No. 11-03368 |
| Debtor. | Honorable Carol A. Doyle |
| | Hearing Date:  March 18, 2015<br>Hearing Time:  10:00 a.m. |

**NOTICE OF MOTION FOR ENTRY OF A**
**FINAL DECREE AND ORDER CLOSING CASE**

    **PLEASE TAKE NOTICE** that on **March 18, 2015, at 10:00 a.m. CST**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Carol A. Doyle in Courtroom 742 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in her place and stead, and present the **Motion for Entry of a Final Decree and Order Closing Case and to Limit Notice Thereof** (the "Motion") at which time and place you may appear if you so desire.

    **PLEASE TAKE FURTHER NOTICE** that, unless an objection to the Motion is presented to the Bankruptcy Court at the time of presentment, there may not be a hearing on the Motion and the proposed Order accompanying the Motion may be signed without further notice.

| | |
|---|---|
| Dated: March 13, 2015 | **American Diagnostic Medicine, Inc.,**<br>**as Reorganized Debtor** |
| | By: /s/ Steve Jakubowski<br>       One of Its Attorneys |
| | Steve Jakubowski (IL 6191960)<br>ROBBINS, SALOMON & PATT, LTD.<br>180 N. LaSalle Street, Suite 3300<br>Chicago, Illinois  60601<br>Tel: (312) 456-0191<br>Fax: (312) 782-6690<br>sjakubowski@rsplaw.com |

# **CERTIFICATE OF SERVICE**

I, Steve Jakubowski, hereby certify that on March 13, 2015, I caused copies of the **Notice of Motion** and **Motion for Entry of a Final Decree and Order Closing Case and to Limit Notice Thereof** to be filed through the Court's CM/ECF service and thereby electronically be served upon the parties registered to receive CM/ECF service, including those identified below.

/s/ Steve Jakubowski

Brad Berish on behalf of Creditor PNC Equipment Finance, LLC, as successor to PNCEF, LLC, f/k/a National City Commercial Capital Company, LLC
bberish@ag-ltd.com

Abraham Brustein, Esq. on behalf of Creditor CCA Financial, LLC
abrustein@dimonteandlizak.com, jhutter@dimontelaw.com

Erich S Buck on behalf of Creditor PNC Equipment Finance, LLC, as successor to PNCEF, LLC, f/k/a National City Commercial Capital Company, LLC
ebuck@ag-ltd.com, lhope@ag-ltd.com

Barry A Chatz on behalf of Arnstein & Lehr
bachatz@arnstein.com, jbmedziak@arnstein.com

Monette W Cope on behalf of Creditor Marlin Business Bank, Marlin Leasing Corp.
ecfnil@weltman.com

Michael J. Davis: mdavis@archerbay.com, davislaw80@gmail.com

Joseph D Frank on behalf of Creditor Cardinal Health 414, LLC
jfrank@fgllp.com, ccarpenter@fgllp.com; jkleinman@fgllp.com

Arlene N Gelman on behalf of Creditor General Electric Capital Corporation, Siemens Financial Services, Inc.
agelman@vedderprice.com

Chad H. Gettleman on behalf of Creditor PNC Equipment Finance, LLC, as successor to PNCEF, LLC, f/k/a National City Commercial Capital Company, LLC
cgettleman@ag-ltd.com

Joshua D. Greene: jgreene@archerbay.com

Jeffrey M. Heller on behalf of Attorney K&L Gates LLP
jeffrey.heller@klgates.com, teresa.gomez@klgates.com

Jacqueline M Helmrick on behalf of Creditor Cole Taylor Bank
jhelmrick@agdglaw.com, wserritella@agdglaw.com

Stephanie K. Hor-Chen on behalf of Creditor General Electric Capital Corporation, Siemens Financials Services, Inc.
schen@vedderprice.com, ecfdocket@vedderprice.com

Vivek Jayaram on behalf of Creditor Quinn Ranson
vivek@jayaramlaw.com

Jeremy C Kleinman on behalf of Creditor Cardinal Health 414, LLC
jkleinman@fgllp.com, ccarpenter@fgllp.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Ethan Lipkind on behalf of Creditor Deckerville Community Hospital
elipkind@preservemihealth.org

Monika J. Machen on behalf of Creditor Borgess Lee Memorial Hospital, Feeney-Vaughan Medical Group
mmachen@polsinelli.com

Kevin H Morse on behalf of Arnstein & Lehr
khmorse@arnstein.com

Kenneth D Peters on behalf of Creditor Texas Leasing Company, LLC
kpeters@dresslerpeters.com, rmccandless@dresslerpeters.com

Tucker L Poling on behalf of Creditor Hospital District No. 1 of Crawford County Kansas
tpoling@holbrookosborn.com

Mark L Radtke on behalf of Interested Party North Shore Hematology Oncology Associates
mradtke@shawfishman.com, bharrington@shawfishman.com

Donna Rizzuto on behalf of Creditor Key Equipment Finance, Inc.
drizzuto@howardandhoward.com, kperez@howardandhoward.com
Derek D Samz on behalf of Creditor CCA Financial, LLC
dsamz@dimontelaw.com, nromando@dimontelaw.com

Lauren L Tobiason on behalf of Creditor Trust
laurent@restructuringshop.com

L. Judson Todhunter on behalf of Creditor Key Equipment Finance, Inc.
JTodhunter@howardandhoward.com

Steven B Towbin on behalf of Interested Party North Shore Hematology Oncology Associates.
stowbin@shawfishman.com

David A Wargula on behalf of Creditor Texas Leasing Company, LLC
dwargula@dresslerpeters.com, rmccandless@dresslerpeters.com

Scott A Zuber on behalf of Creditor Cardinal Health 414, LLC
scott.zuber@wilsonelser.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **American Diagnostic Medicine, Inc.** | **Case No. 11-03368** |
| **Debtor.** | **Honorable Carol A. Doyle** |
| | Hearing Date:  March 18, 2015<br>Hearing Time:  10:00 a.m. |

**MOTION FOR ENTRY OF A FINAL DECREE AND ORDER**
**CLOSING CASE AND TO LIMIT NOTICE THEREOF**

The above-captioned reorganized debtor (the "Reorganized Debtor"), files this motion (the "Motion") seeking (i) entry of a final decree and order closing the above-captioned chapter 11 case (the "Case") and (ii) limiting notice thereof.  In support of the Motion, the Reorganized Debtor respectfully states as follows:

**BACKGROUND**

1. On January 28, 2011, (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On July 10, 2012, the Debtor and the Official Committee of Unsecured Creditors filed the Plan.  The Court thereafter entered an *Order Approving Disclosure Statement and Confirming Joint Chapter 11 Plan of Reorganization of American Diagnostic Medicine, Inc. and Setting Post-Confirmation Status Hearing* [Docket No. 425], and the Plan became effective on September 20, 2012 (the "Effective Date") [Docket No. 468].

3. On the Effective Date, as set forth in the Plan, the assets of the Debtor vested in the Reorganized Debtor, with certain exceptions, and a creditor trust (the "Creditor Trust") was

established to hold certain assets allocated to unsecured creditors under the Plan and to make distributions payable to unsecured creditors under the Plan.

4. As required by Local Bankruptcy Rule 3022-1, the status of distributions made to date are as follows:

    a. Class 1: Non-Tax Priority Claims:   $ 0.00

    b. Class 2: Other Secured Claims:   $ 0.00

    c. Class 3: Cardinal Health Secured Claim:   $ 549,745.60

    d. Classes 4/5: Contingent PNC Rejection Claims and General Unsecured Claims:   $11,970.74

    e. Class 6 – Equity Interests:   $ 0.00

5. In 2014, the Reorganized Debtor, Cardinal, and the Creditor Trust entered into a global settlement ("the <u>Global Settlement</u>") that carved up certain projected litigation proceeds and addressed defaults by the Reorganized Debtor under the Plan.

6. As a result of the Global Settlement, there is no reason to keep this chapter 11 case open because all claims, motions, contested matters, have been resolved, the Reorganized Debtor is current on payments to the U.S. Trustee, and the Plan has been substantially consummated.

**BASIS FOR RELIEF**

7. The statutory bases for the relief requested are Bankruptcy Code section 350, Bankruptcy Rule 3022 and Local Bankruptcy Rule 3022-1

8. Bankruptcy Code section 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022 further provides that "[a]fter an estate is fully administered in a chapter 11

reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

9. It is not necessary to have completed a final distribution under a plan of reorganization for a bankruptcy court to close a chapter 11 case. *See* Fed. R. Bankr. P. 3022, Advisory Committee Note (1991) ("[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed"); *Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group., Inc.)*, 352 F.3d 671, 678 (2d Cir. 2003) (case can be closed despite pending adversary proceeding and further required distributions under the plan); *JMP-Newcor International*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998).

10. The Reorganized Debtor's estate has been fully administered, thus warranting entry of a final decree. The confirmation order became final and non-appealable. All property required to be transferred by the Plan has been transferred and all claims, motions, contested matters, and adversary proceedings have been resolved. Further, all distributions to unsecured creditors under the Plan will be paid pursuant to the Global Settlement from the proceeds of litigation over which this Court has no jurisdiction. As such, the estate has been fully administered within the meaning of section 350(a) of the Bankruptcy Code, the Court's role in administering this case is complete, and entry of a final decree closing this Case is appropriate.

## NOTICE

11. The Reorganized Debtor has provided notice of this Motion to (a) the Office of the United States Trustee, (b) the Creditor Trust, and (c) any persons who have filed a request for notice in this Case. Local Bankruptcy Rule 3022-1 requires that notice of a motion for final decree be served on all creditors. In light of the nature of the relief requested and the fact that

3

the interests of the unsecured creditors are adequately represented through the Creditor Trust, which consents to the relief requested, the Reorganized Debtor submits that no other or further notice is necessary.

WHEREFORE, the Reorganized Debtor respectfully requests that the Court (a) enter a final decree closing this chapter 11 case and (b) grant such other and further relief as the Court deems just and equitable.

Dated: March 13, 2015                                Respectfully submitted,

**American Diagnostic Medicine, Inc.,
as Reorganized Debtor**

By: /s/ Steve Jakubowski
    One of Its Attorneys

Steve Jakubowski (IL 6191960)
ROBBINS, SALOMON & PATT, LTD.
180 N. LaSalle Street, Suite 3300
Chicago, Illinois 60601
Tel: (312) 456-0191
Fax: (312) 782-6690
sjakubowski@rsplaw.com